[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff wife and the defendant husband were married in Voluntown, Connecticut, on August 2, 1975. The wife's birth name was Newton.
Two children, issue of the marriage, were born to the wife during the course of this marriage, to wit: Jason Corcoran, born May 21, 1977; and Erin Corcoran, born January 14, 1980.
The marriage has broken down irretrievably, there is no prospect of any reconciliation. A decree of dissolution may enter.
This is a marriage of sixteen years. The wife claims that during the early stages of the marriage, the husband was physically abusive when he drank to excess. She also complained that there were always money problems which she attributed to the husband. She also alleges that he was lazy and all of the work had to be done by her.
He counters by saying that he left the home in December 1989 because he had had his fill of her anger and constant harassment. He was constantly humiliated in front of the children and could take it no more. The Court concludes that there is a modicum of truth in the testimony of both the parties and they are equally at fault for the failure of this marriage.
This is a marriage of about 16 1/2 years, which has resulted in two children, both issue and both minors.
The wife is in good health and has been employed throughout most of the marriage with occasional time to be a full-time mother of two children. During the past two years, she has worked full time in the package store. She has attended school only through the ninth grade and has limited reading and writing skills.
She asks the Court to grant her sole custody of the children with no overnight visitation because she considers the husband's living conditions to be totally unsanitary.
She also claims that because of increased competition, the package store business has fallen off since May 1991. CT Page 1433
The husband is also in relatively good health, and at 41 years of age, is one year older than this wife. He attended college for one year and has worked for AMTRAK for sixteen years. His present hourly wage is $10.91.
The Court finds the reasonable fair market value of the marital home to he $105,000. It further finds the value of the package store realty to be $105,000 and the value of the business and stock to be $100,000.
A close review of the tax records, both individual and business, leads the Court to conclude that child guidelines should be determined on the basis of the husband's net income being about $350 per week and therefore he should pay $65 per week per child.
Having considered all of the evidence presented at trial, and taking under consideration the mandates of Connecticut General Statutes Sections 46b-81, 46b-82 and 46b-84, the Court further finds and orders as follows:
(1) Custody of the minor children shall be joint with the wife having physical custody and the husband having the following rights of visitation:
 a. Every Friday afternoon to Saturday afternoon at 5:00 p.m.
 b. Alternating all legal holidays from 3:00 p.m. to 7:00 p.m.
c. Alternating Christmas Eve and Christmas Day.
d. Three weeks in the summer.
Children will be picked up at the package store.
(2) The husband shall pay to wife as support for the minor children the sum of $65 per week per child which sum shall be secured by an immediate wage garnishment.
(3) The husband shall provide medical and denial insurance for the minor children as available through his employment. All unreimbursed and uninsured medical and dental expenses shall be divided equally between the parties. Orders are subject to and in accordance with Connecticut General Statutes Section 46b-84(c).
(4) The husband shall pay to the wife as periodic alimony the sum of $1 per year, which alimony shall cease upon the CT Page 1434 happening of the first of the following events:
a. Death of either party;
b. Remarriage by the wife;
c. Cohabitation by the wife;
d. Six years from the date of the decree.
(5) Plaintiff wife shall quit claim to the husband, all of her right, title and interest in the marital home. She shall have exclusive possession of the marital home until the happening of the first of the following events:
 a. The youngest child attaining his or her 19th birthday;
 b. The wife no longer utilizing the premises as her primary residence;
c. Death of the wife
The wife shall, during the term in which she exercises exclusive possession, pay the mortgage, taxes, insurance and all other costs of maintenance, which do not exceed $300. She shall maintain the premises in good repair, ordinary wear and tear excepted. All major capital expenses shall be the responsibility of the husband including exterior painting.
The wife shall, during the term she is obligated to making monthly mortgage payments, hold the husband harmless.
(6) The husband shall transfer to the wife, all of his right, title and interest in the package store business to his wife.
(7) The husband shall quit claim all of his right, title and interest in the property located at Route 138, Griswold, to his wife. She shall execute and deliver to him a mortgage deed and note in the amount of $18,000, without interest, which note shall be paid upon the happening of the 3 first of the following events:
a. Death of the wife;
b. Sale of the property;
c. January 15, 1997.
The wife shall be responsible for the payment of the mortgage CT Page 1435 and shall hold the husband harmless and indemnify him from any and all claims.
(8) All of the furnishings in the marital home shall become the sole and exclusive property of the wife with the exception of the following which shall be made available to the husband forthwith.
a. Antique bottle collection;
b. Gun collection;
c. His stereo;
d. His tools;
e. The family camper
(9) Each party shall be responsible for his or her own attorneys's fees and costs.
(10) Husband shall name his children as irrevocable beneficiaries on any policy of life insurance he presently owns, for so long as he is obligated to support said child or children.
Mihalakos, J.